IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 06-377-4 |
| ANTOINE NORMAN | : | |

SURRICK, J.                                                                                           OCTOBER  18 , 2011

## MEMORANDUM

Presently before the Court is Defendant Antoine Norman's Motion for a New Trial Pursuant to Rule 33 (ECF No. 409), and the Government's Response in Opposition (ECF No. 410).  For the following reasons, Defendant's Motion will be denied.

**I.   BACKGROUND**

On July 26, 2006, a grand jury returned an indictment charging Defendant Antoine Norman with conspiracy in violation of 18 U.S.C. § 371 (Count 1); bank fraud in violation of 18 U.S.C. § 1344 (Counts 2-5); and aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 6-8, 11, 13, 16-22).  On September 7, 2007, following a jury trial, Defendant was found guilty on all counts.  Defendant now seeks relief pursuant to Federal Rule of Criminal Procedure 33, asserting that newly discovered evidence entitles him to a new trial.

**II.   LEGAL STANDARD**

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  The Rule provides that a motion for a new trial "grounded on newly discovered evidence" must be filed within three years of the jury's verdict.

The decision whether to grant a new trial under Rule 33 "lies within the discretion of the district court." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006).  The Third Circuit has established the following five-factor test for determining whether newly discovered evidence warrants a new trial under Rule 33:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir. 1976) (citation omitted).  A defendant moving for a new trial bears a "heavy burden" in proving each of these five factors.  *Cimera*, 459 F.3d at 458.  Indeed, if the movant cannot satisfy one of the five factors, a district court has "sufficient basis to deny the motion for a new trial."  *United States v. Jasin*, 280 F.3d 355, 365 (3d Cir. 2002).

A district court is limited in its ability to grant a new trial if the defendant's direct appeal is pending before an appellate court.  "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."  Fed. R. Crim. P. 33(b)(1).  In such a situation, this Court has jurisdiction to "entertain the motion and either deny [it] on its merits, or certify [our] intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case."  *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984); *see also Venen v. Sweet*, 758 F.2d 117, 123 n.7 (3d Cir. 1985).  Even though we are empowered to deny the motion, we cannot grant the motion if a movant's appeal is pending in the Court of Appeals.

A district court does not need to hold an evidentiary hearing prior to disposing of a Rule

33 motion.  *See United States v. Herman*, 614 F.2d 369, 372 (3d Cir. 1980); *see also Iannelli*, 528 F.2d at 1294.

### III.  LEGAL ANALYSIS

Initially, we note that Defendant presently has an appeal pending in the Third Circuit Court of Appeals (No. 08-3876), docketed on September 22, 2008.  (*See* USCA Notice of Docketing of Appeal, ECF No. 342.)  Therefore, we cannot grant the Defendant's motion for a new trial unless we first ask the Court of Appeals to remand the case.  However, we can deny it on the merits.

Defendant alleges that the Government "failed to disclose evidence" that United States Postal Inspector Khary Freeland, "had previously testified untruthfully . . . in a related proceeding." (Def.'s Mot. 4.)  Specifically, Defendant refers to Freeland's grand jury testimony of July 12, 2006, in which he stated that Federal Bureau of Investigation Special Agent Andrew Rixham had been present for the November 8, 2005 execution of a search at Rah's Fashion Boutique.  (*Id*. at 3 & Ex. B.)  Rixham later testified that he had not been present. (*Id*. at 2-3 & Ex. A.)  Defendant argues that the Government withheld information that indicates that Freeland was not completely truthful in his grand jury testimony.

Defendant claims that this alleged nondisclosure affected his ability, at trial, to impeach Freeland's credibility.  (*Id*. at 12.)  Defendant argues that given Freeland's prominent role in the underlying investigation and prosecution, the inability to compromise Freeland's credibility "undermined confidence in the outcome of the trial proceedings." (*Id*. at 13.)

Defendant cannot establish several of the factors in the Third Circuit's five factor test.[1] First, Defendant cannot show that the evidence that he refers to is not "cumulative or impeaching." *Iannelli*, 528 F.2d at 1292.  An allegation that evidence exists that would impeach a government witness does not justify the granting of a new trial under Rule 33.  *See Mesarosh v. United States*, 352 U.S. 1, 9 (1956); *see also United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000).  Indeed, Defendant does not challenge the evidence recovered during the November 8, 2005 search, nor does he argue that an alternate series of events transpired on that day.  The core of Defendant's argument is that Freeland's credibility would have been "severely compromised" by this "impeachment evidence." (Def. Mot. 13.)  He does not argue that the newly discovered evidence was in any way exculpatory.  Since impeachment evidence alone is normally an insufficient basis on which to grant a new trial, Defendant's Motion must fail.

In addition, Defendant fails to demonstrate that the evidence of this alleged inconsistency is material to the issues involved in this case.  Defendant fails to show how Rixham's presence, or non-presence, at the scene of the November 8, 2005 search is in any way material to the proceedings.  There is no reason to assume that the search would have yielded different results depending on Rixham's presence.  Since Defendant is unable to demonstrate that the newly discovered evidence has any material value, his motion for a new trial cannot succeed.

Even if Defendant could carry the heavy burden established by the first four elements of the Third Circuit's test, he would fail to meet the fifth prong.  There is no reason to believe that this "newly discovered evidence would probably produce an acquittal." *Iannelli*, 528 F.2d at

---

[1] We will assume for purposes of his discussion that the evidence offered by the Defendant is in fact "newly discovered."  Nevertheless, Defendant's failure to meet all five factors requires denial of the Motion.  *See Jasin*, 280 F.3d at 265.

1292. The weight of the evidence presented against Defendant at trial was overwhelming.[2] Three co-conspirators testified to Defendant's culpability in participating in this check-cashing scheme. Defendant made incriminating statements to co-conspirator Kelly Taylor, accompanied her when she cashed fraudulent checks and received the proceeds from those checks. Defendant made incriminating statements to United States Postal Inspector Yvette Thomas that were recorded by law enforcement and introduced into evidence at trial. Thomas also observed Defendant assisting Taylor to engage in identity theft fraud. Moreover, the jury saw the significant evidence of identity theft that had been seized during the November 8, 2005 search and the Government linked that evidence to this identity theft conspiracy. In light of the strength of the Government's case, the introduction of a small and immaterial inconsistency between two witnesses most certainly would not have created a reasonable doubt in the mind of any reasonable juror. Given the amount of the evidence and weight of the evidence presented against Defendant, it is clear that the newly discovered evidence would not have produced an acquittal.

Defendant has failed to establish the basis for relief under Rule 33. Accordingly, we will deny Defendant's Motion for a New Trial.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**

---

[2] The nature of the overwhelming evidence is more fully disclosed in the Memorandum and Order dated March 14, 2008, denying Defendant's Rule 29 motion. (ECF No. 281.)